SCOTT J. LEIPZIG (BAR NO. 192005)
EMILY L. MURRAY (BAR NO. 223815)
RYAN T. WAGGONER (BAR NO. 251694)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone:  (213) 622-5555
Fax:    (213) 620-8816
E-Mail: sleipzig@allenmatkins.com
        emurray@allenmatkins.com
        rwaggoner@allenmatkins.com

Attorneys for Defendants
SUPREME LENDING and GREAT
AMERICAN INSURANCE CO.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## AT FRESNO

| | |
|---|---|
| DOROTHY LOTENERO, | Case No. 1:11-cv-00200-AWI -SMS |
| Plaintiff, | ANSWER OF SUPREME LENDING AND GREAT AMERICAN INSURANCE CO. TO SECOND AMENDED COMPLAINT |
| v. | |
| EVERETT FINANCIAL INC., DBA SUPREME LENDING, A TEXAS CORPORATION; JESSE ALVIN CRIPPS, SR.; GREAT AMERICAN INSURANCE CO., | Complaint Filed:  February 3, 2011 |
| Defendants. | |

Defendants Everett Financial Co., Inc. dba Supreme Lending ("Supreme Lending") and Great American Insurance Co. ("Great American") (collectively, "Defendants") hereby answer the second amended complaint (the "SAC") of Plaintiff Dorothy Lotenero ("Plaintiff") as follows.

### THE PARTIES

1.  Paragraph 1 contains allegations relating to a party other than Defendants to which no response is required.  To the extent a response is deemed

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

900557.01/LA

-1-

Case No. 1:11-cv-00200-AWI -SMS
ANSWER TO SECOND AMENDED
COMPLAINT

1  required, Defendants lack knowledge or information sufficient to form a belief as to
2  the truth of those allegations and, on that basis, deny them.

3    2.    Defendants admit that Supreme Lending's principal place of business is in Dallas, Texas. The remainder of Paragraph 2 contains legal conclusions to which no response is required. To the extent the remaining allegations set forth in Paragraph 2 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

4    3.    Paragraph 3 contains allegations relating to a party other than Defendants to which no response is required. The remainder of Paragraph 3 contains legal conclusions to which no response is required. To the extent the remaining allegations set forth in Paragraph 3 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

5    4.    Defendants admit that Great American is a corporation based in Ohio that on June 28, 2004 issued its surety bond number 1-76-90-93-092-CA in the amount of $50,000 and delivered said bond to the California Commissioner of Corporations in connection with Supreme Lending's license to do business in California. The remainder of Paragraph 4 contains legal conclusions to which no response is required. To the extent the remaining allegations set forth in Paragraph 4 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

## JURISDICTION AND VENUE

5.    Paragraph 5 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants lack sufficient

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP
900557.01/LA
-2-
Case No. 1:11-cv-00200-AWI -SMS
ANSWER TO SECOND AMENDED COMPLAINT

information to form a belief as to the truth of those allegations and, on that basis, deny them.

6. Paragraph 6 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants lack sufficient information to form a belief as to the truth of those allegations and, on that basis, deny them.

## STATEMENT OF FACTS

7. Paragraph 7 contains allegations relating to a party other than Defendants to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

8. Paragraph 8 contains allegations relating to a party other than Defendants to which no response is required. The remainder of Paragraph 8 contains legal conclusions to which no response is required. To the extent the remaining allegations set forth in Paragraph 8 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

9. Paragraph 9 contains allegations relating to parties other than Defendants to which no response is required. To the extent the remaining allegations set forth in Paragraph 9 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

10. Paragraph 10 contains allegations relating to parties other than Defendants to which no response is required. To the extent the remaining allegations set forth in Paragraph 10 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or truth or

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

900557.01/LA

-3-

Case No. 1:11-cv-00200-AWI -SMS
ANSWER TO SECOND AMENDED
COMPLAINT

falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

11. Paragraph 11 contains allegations relating to parties other than Defendants to which no response is required. To the extent the remaining allegations set forth in Paragraph 11 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

12. Paragraph 12 contains allegations relating to parties other than Defendants to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent the remaining allegations set forth in Paragraph 13 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

## FIRST CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY

14. Defendants re-allege their responses to the paragraphs above with the same force and effect as if fully set forth herein.

15. Paragraph 15 contains a legal conclusion to which no response is required. To the extent the remaining allegations set forth in Paragraph 15 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

16. Defendants admit that Supreme Lending entered into a mortgage loan origination agreement with Plaintiff. As to the remainder of the allegations in Paragraph 16, such allegations contains legal conclusions to which no response is

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

900557.01/LA

-4-

Case No. 1:11-cv-00200-AWI -SMS
ANSWER TO SECOND AMENDED COMPLAINT

required. To the extent the remaining allegations set forth in Paragraph 16 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

17. Defendants admit that Supreme Lending applied to the California Commissioner of Corporations for a license to operate a branch in Visalia, California. As to the remainder of the allegations in Paragraph 17, such allegations contains legal conclusions to which no response is required. To the extent the remaining allegations set forth in Paragraph 17 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

18. Paragraph 18 contains allegations relating to parties other than Defendants to which no response is required. The remainder of Paragraph 18 contains legal conclusions to which no response is required. To the extent the remaining allegations set forth in Paragraph 18 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

**SECOND CAUSE OF ACTION – BREACH OF CONTRACT**

19. Defendants re-allege their responses to the paragraphs above with the same force and effect as if fully set forth herein.

20. Defendants admit that Supreme Lending prepared certain documents in connection with Plaintiff's loan. As to the remainder of the allegations in Paragraph 20, such allegations contains legal conclusions to which no response is required. To the extent the remaining allegations set forth in Paragraph 20 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

900557.01/LA

-5-

Case No. 1:11-cv-00200-AWI -SMS
ANSWER TO SECOND AMENDED COMPLAINT

knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent the remaining allegations set forth in Paragraph 21 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

## THIRD CAUSE OF ACTION – ELDER FINANCIAL ABUSE

22. Defendants re-allege their responses to the paragraphs above with the same force and effect as if fully set forth herein.

23. Paragraph 23 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants lack sufficient information to form a belief as to the truth of those allegations and, on that basis, deny them.

24. Paragraph 24 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants lack sufficient information to form a belief as to the truth of those allegations and, on that basis, deny them.

25. To the extent the allegations set forth in Paragraph 25 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent the remaining allegations set forth in Paragraph 26 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

900557.01/LA

-6-

Case No. 1:11-cv-00200-AWI -SMS
ANSWER TO SECOND AMENDED COMPLAINT

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent the remaining allegations set forth in Paragraph 27 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent the remaining allegations set forth in Paragraph 28 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

## FOURTH CAUSE OF ACTION – UNFAIR COMPETITION LAW

29. Defendants re-allege their responses to the paragraphs above with the same force and effect as if fully set forth herein.

30. Paragraph 30 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants lack sufficient information to form a belief as to the truth of those allegations and, on that basis, deny them.

31. Paragraph 31 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants lack sufficient information to form a belief as to the truth of those allegations and, on that basis, deny them.

32. Paragraph 32 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants lack sufficient information to form a belief as to the truth of those allegations and, on that basis, deny them.

33. Paragraph 33 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants lack sufficient

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

900557.01/LA

-7-

Case No. 1:11-cv-00200-AWI -SMS
ANSWER TO SECOND AMENDED
COMPLAINT

information to form a belief as to the truth of those allegations and, on that basis, deny them.

34. Paragraph 34 contains a legal conclusion to which no response is required. To the extent the remaining allegations set forth in Paragraph 34 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

35. Paragraph 35 contains a legal conclusion to which no response is required. To the extent the remaining allegations set forth in Paragraph 35 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

36. Paragraph 36 contains a legal conclusion to which no response is required. To the extent the remaining allegations set forth in Paragraph 36 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

37. Paragraph 37 contains a legal conclusion to which no response is required. To the extent the remaining allegations set forth in Paragraph 37 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

### FIFTH CAUSE OF ACTION – SURETYSHIP

38. Defendants re-allege their responses to the paragraphs above with the same force and effect as if fully set forth herein.

39. Defendants admit that Great American is a corporation based in Ohio that on June 28, 2004 issued its surety bond number 1-76-90-93-092-CA in the amount of $50,000 and delivered said bond to the California Commissioner of

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

900557.01/LA

-8-

Case No. 1:11-cv-00200-AWI -SMS
ANSWER TO SECOND AMENDED
COMPLAINT

Corporations in connection with Supreme Lending's license to do business in California. The remainder of Paragraph 39 contains legal conclusions to which no response is required. To the extent the remaining allegations set forth in Paragraph 39 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

40. Defendants admit the allegations in Paragraph 40.

41. Paragraph 41 contains a legal conclusion to which no response is required. To the extent the remaining allegations set forth in Paragraph 41 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

42. Paragraph 42 contains a legal conclusion to which no response is required. To the extent the remaining allegations set forth in Paragraph 42 pertain to Defendants, Defendants deny all such allegations. Defendants lack sufficient knowledge or belief to know the truth or falsity of the remaining allegations in this paragraph, and therefore deny such allegations.

## REMAINING PARAGRAPHS

The remaining paragraphs of the SAC contain Plaintiff's prayer for relief to which no response is required, but insofar as an answer may be required, all allegations contained in such paragraphs are denied.

## ANSWER TO ALL CLAIMS

43. Defendants deny each and every allegation of the SAC not expressly admitted herein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

Defendants allege that the SAC does not state facts, sufficient to constitute a

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

900557.01/LA

-9-

Case No. 1:11-cv-00200-AWI -SMS
ANSWER TO SECOND AMENDED
COMPLAINT

cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

Defendants allege that Plaintiff is estopped from asserting their purported claims by reason of Plaintiff's own acts, omissions and conduct, and/or that of their agents.

## THIRD AFFIRMATIVE DEFENSE

### (Contribution)

Defendants allege that Plaintiff's claims are barred because they contributed to their own damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

### (Barred by Contract)

Defendants allege that some or all of Plaintiff's claims are barred by the applicable provisions of the contracts, policies and/or agreements at issue.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendants allege that the Plaintiff failed to mitigate her alleged damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

Defendants allege that some or all of Plaintiff's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendants allege that Plaintiff, and/or her agents, have voluntarily and knowingly waived each and all of their purported rights and causes of actions against Defendants by reason of Plaintiff's own acts, omissions and conduct, and/or that of her agents.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

900557.01/LA

-10-

Case No. 1:11-cv-00200-AWI -SMS
ANSWER TO SECOND AMENDED
COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendants allege that some or all of Plaintiff's claims are barred by the applicable statute of limitations, including without limitation California Code of Civil Procedure § 337.

## NINTH AFFIRMATIVE DEFENSE

### (Choice)

Defendants allege that Plaintiff was provided with a meaningful choice whether to enter into the transactions referenced in the SAC and, therefore, the matters alleged were not unconscionable or unfair.

## TENTH AFFIRMATIVE DEFENSE

### (Apportionment of Fault)

Defendants allege that Plaintiff's recovery, if any, should be reduced in accordance with an apportionment of fault as to all parties and non-parties who may be jointly or severally liable for Plaintiff's alleged injuries.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Tender)

Defendants allege that the claims in the SAC are barred because Plaintiff failed to restore the benefits she received.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Uncertain, Ambiguous, and Unintelligible SAC)

Defendants is informed and believes, and thereon alleges, that the SAC is uncertain, ambiguous and unintelligible in that Plaintiff did not consistently define the terms employed in the SAC with respect to various parties and properties, and the SAC is otherwise unintelligible. This defense is alleged in the alternative and does not admit any of the allegations contained in the SAC.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

900557.01/LA

-11-

Case No. 1:11-cv-00200-AWI -SMS
ANSWER TO SECOND AMENDED
COMPLAINT

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

Defendants is informed and believes, and thereon alleges, that the SAC and each claim in the SAC are barred by the doctrine of ratification.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Consent)

Defendants is informed and believes, and thereon alleges, that the SAC and each claim in the SAC are barred by the consent or agreement of Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Acts of Third Party)

Defendants is informed and believes, and thereon alleges, that the SAC and each claim in the SAC are barred because all damages, if any, were caused solely by an act or omission of other defendants or a third party.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Defendants is informed and believes, and thereon alleges, that the SAC and each claim in the SAC are barred because any and all injury or damages were caused, in whole or in part, by Plaintiff's own negligence, carelessness, lack of due care and fault, or by the negligence, carelessness, lack of due care and fault of Plaintiff's agents.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Not A Substantial Factor)

The SAC and each claim in the SAC are barred because any act or omission for which Defendants are alleged to be liable was not a substantial factor in bringing about the alleged injuries and damages and was not a contributing cause thereof, but was superseded by the acts and omissions of third parties, which were independent, intervening, and the proximate cause of any damages complained of.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

900557.01/LA

-12-

Case No. 1:11-cv-00200-AWI -SMS
ANSWER TO SECOND AMENDED COMPLAINT

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Actual Injury or Loss)

The SAC and each claim in the SAC are barred because Plaintiff has not suffered actual injury or loss of money or property.

## RESERVATION OF RIGHTS

Defendants allege that they presently have insufficient knowledge or information upon which to form a belief as to whether they have additional, as yet unstated, affirmative defenses. Accordingly, Defendants expressly reserve the right to assert additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are appropriate and available to Defendants.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by way of her SAC;
2. That Defendants be awarded reasonable attorneys' fees;
3. That Defendants be awarded costs of suit; and
4. For such further relief as this Court may deem just and proper.

Dated: July 20, 2011

ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
SCOTT J. LEIPZIG
EMILY L. MURRAY
RYAN T. WAGGONER

By:   /s/ Ryan T. Waggoner
RYAN T. WAGGONER
Attorneys for Defendants
SUPREME LENDING and GREAT AMERICAN INSURANCE CO.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

900557.01/LA

-13-

Case No. 1:11-cv-00200-AWI -SMS
ANSWER TO SECOND AMENDED COMPLAINT

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to this action. My business address is 515 South Figueroa Street, Ninth Floor, Los Angeles, California 90071-3309.

On July 20, 2011, I served the within document(s) described as:

ANSWER OF SUPREME LENDING AND GREAT AMERICAN INSURANCE CO. TO SECOND AMENDED COMPLAINT

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Philip C. Bourdette
Bourdette & Partners
2924 West Main Street
Visalia, CA 93291-5731

*Counsel for Plaintiff*
T: 559.625.8425 – F: 559.625.8491
E: pcbb@bourdettelaw.com

☐ **COPY BY MAIL:** I placed a true copy of the document in a sealed envelope or package addressed as indicated below for collection and mailing pursuant to the firm's ordinary business practice. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **COPY BY DIRECT E-MAIL:** I caused a true copy of the document to be sent to the persons at the corresponding electronic address from fkalve@allenmatkins.com. I am readily familiar with this firm's Microsoft Outlook electronic mail system and did not receive an electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on July 20, 2011, at Los Angeles, California.

Frederick Kalve
(Type or print name)

_____
(Signature of Declarant)