IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORTHY LOTENERO,<br><br>        Plaintiff,<br>vs.<br><br>JESSE ALVIN CRIPPS, SR<br><br>        Defendant. | 1: 11-cv-00200-AWI-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE |

## I.  INTRODUCTION

On February 2, 2012, Plaintiff Dorthy Lotenero ("Plaintiff") filed the present motion for default judgment against Defendant Jesse Alvin Cripps, Sr. ("Defendant") (Doc. 38.) The motion was referred to this Court for decision pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(19). The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for March 9, 2012. For the reasons that follow, the Court DENIES Plaintiff's motion without prejudice.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On April 14, 2011, Plaintiff filed a Second Amended Complaint ("SAC") against Defendant, Everett Financial, Inc., dba Supreme Lending ("Everett") and Great American Insurance Co. ("Great

1

American").[1]  (Doc. 16.)  Plaintiff alleges, *inter alia,* that Defendant fraudulently induced Plaintiff to execute an unfavorable mortgage refinancing plan and unlawfully converted the resulting proceeds.[2] (Pl.'s SAC, ¶¶ 8-10, Doc. 16.)  Defendant has not filed an answer to Plaintiff's SAC or otherwise made an appearance in this action.

On November 22, 2011, Plaintiff requested an entry of default against Defendant, which was entered by the Clerk that same day.  (Doc. 30, 33.)  On February 2, 2012, Plaintiff moved this Court for an entry of default judgment against Defendant ("Plaintiff's Motion").  (Doc. 38.)  Plaintiff's Motion requests a total judgment in the amount of $2,483,842.29, broken down as follows:

- Special damages in the amount of $54,648.00;
- General damages in the amount of $218,592.00;
- Treble damages in the amount of $819, 720.00;
- Punitive damages in the amount of $1,366,200.00;
- Attorneys fees in the amount of $24,000.00;
- Costs in the amount of $682.29.

(Pl.'s Mot., Attach. 1, 2: 9-14, Doc. 38.)

### III.   DISCUSSION

**A.   Legal Standard**

Whether to grant or deny default judgment is within the discretion of the court.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising this discretion, the court considers the following factors: (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably

---

[1] On November 10, 2011, the claims against Everett and Great American were dismissed.  (Doc. 29.)

[2] Plaintiff's alleges Defendant converted $48,278.00 which was received after the refinancing. (Pl.'s SAC, ¶18, Doc. 16.) Plaintiff claims additional damages in the form of fees paid to Everett in the amount of $6,370.00, as well as monthly mortgage payments which otherwise would not have been due under the terms of Plaintiff's previous reverse mortgage. (Pl.'s SAC, ¶18, Doc. 16.)

2

possible.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Regarding the last factor, a decisions on the merits is impractical, if not impossible, where defendants refuse to defend.

Where a defendant has failed to respond to the complaint, the court presumes that all well-pleaded factual allegations relating to liability are true.  *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  Therefore, when determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact.  *See Panning v. Lavine*, 572 F.2d 1386 (9th Cir. 1978). While factual allegations concerning liability are deemed admitted upon a defendant's default, the court does not presume that any factual allegations relating to the amount of damages suffered are true.  *See Geddes*, 559 F.2d at 560; *TeleVideo Sys., Inc.,* 826 F.2d at 917-18.  The court must ensure that the amount of damages awarded is reasonable and demonstrated by the evidence.  Fed. R. Civ. P. 55(b)(2)(C)*; Geddes*, 559 F.2d at 560*; TeleVideo Sys., Inc.,* 826 F.2d at 917-18.

**B.     Plaintiff Has Failed To Demonstrate the Requested Damages Are Supported By the Evidence**

Plaintiff is required to prove all damages sought in the complaint.  Additionally, "[a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint]." Fed. R. Civ. P. 54(c); *Philip Morris USA Inc. v. Banh*, No. 03-cv-4043 GAF (PJWx), 2005 WL 5758392, at *3 (C.D. Cal.  Jan. 14, 2005).  In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2); *See Philip Morris USA*, 219 F.R.D. at 498.  Default judgment should not be granted when a moving party has failed to adequately establish the basis for the requested relief.  *See Adams v. U.S.,* 2008 WL 3244149 (E.D. Cal. 2008) (Denying a motion for default judgment where the plaintiffs had failed to establish an adequate measure of damages by way of default).  Furthermore, punitive damages can not be awarded absent an evidentiary showing.  *See Dolphin v. Ruiz,* 2008 WL 4552940 (C.D. Cal. 2008) ("As a general proposition, punitive damages cannot be awarded simply on the basis of the pleadings, but must instead be established at an evidentiary hearing held pursuant to Fed.R.Civ.P. 55(b)(2) because they clearly are not liquidated or computable.") (citing *Comdyne I,*

1  *Inc. v. Corbin*, 908 F.2d 1142 (3rd Cir. 1990).

2  Similarly, with respect to a request for attorney fees, "block billing" or failing to specify the
3  amount of time spent on each task makes it impossible to determine if the requested fees are
4  reasonable. *Welch v. Metropolitan Life Ins., Co.,* 489 F.3d 942, 948 (9th Cir. 2007). The fee
5  applicant bears the burden of documenting the appropriate hours expended in the litigation and must
6  submit evidence in support of those hours worked. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397
7  (9th Cir. 1992).

8  Plaintiff has failed to demonstrate she is entitled to the damages requested in her Motion.
9  The substance of Plaintiff's Motion is less than one page, does not contain a request for any relief,
10 nor does it articulate any facts supporting Plaintiff's damage request. Moreover, Plaintiff's Motion
11 does not present any legal arguments, factual declarations or exhibits to support her claim for
12 damages. While Plaintiff's SAC presents facts and exhibits which support Plaintiff's claim for
13 special damages in the amount of $54,648.00 (the unlawful conversion of $48,278.00 in addition to
14 the $6,370.00 in fees paid to Everett), Plaintiff's SAC and the exhibits attached thereto do not
15 present any factual or legal basis for claiming general, punitive or treble damages.

16 Lodged concurrently with Plaintiff's Motion is the declaration of Plaintiff's counsel, Philip
17 C. Bourdette (the "Bourdette Declaration"). The Bourdette Declaration is also less than one page
18 and does not articulate any facts supporting Plaintiff's damage request. Similarly, Plaintiff's
19 counsel's fee request does not specify the activities undertaken to litigate this case. Rather,
20 Plaintiff's counsel states he expended 60 hours litigating this case at a rate of $400.00 per hour.
21 Additionally, Plaintiff's claimed costs are not itemized.

26 /././
27 /././

4

### IV.  CONCLUSION

Plaintiff's Motion does not present sufficient facts, evidence, legal analysis or specificity to support Plaintiff's damage claims or Plaintiff's Counsel's fee and costs request.  Based on the foregoing, the Court DENIES Plaintiff's Motion for Default Judgment without prejudice.

IT IS SO ORDERED.

Dated: **February 15, 2012**              /s/ **Barbara A. McAuliffe**
                                                            UNITED STATES MAGISTRATE JUDGE

5