IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DOROTHY LOTENERO,** | 1:11-CV-200  AWI BAM |
|         **Plaintiff**, | |
| v. | **ORDER TO SHOW CAUSE** |
| **EVERETT FINANCIAL, INC., et al.,** | |
|         **Defendants.** | |

      This case was filed on February 3, 2011.  The only remaining defendant is Jesse Cripps, Sr.  There is no scheduling order and no trial date has been set.  On February 2, 2012, Plaintiff filed a motion default judgment against Jesse Cripps, Sr.  The motion was denied without prejudice on February 16, 2012.  See Doc. No. 40.  Since February 16, 2012, there has been no activity in this case.

      "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.'" Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order.  See Ferdik, 963 F.2d at 1260-61 (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute).  In determining whether to dismiss an action for lack of prosecution or failure to obey a court order, a court must consider several factors,

including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Bautista, 216 F.3d at 841; Ferdik, 963 F.2d at 1260-61; Henderson, 779 F.2d at 1424.

      In light of the ten month inactivity in this case, it does not appear to the Court that Plaintiff is sufficiently prosecuting this case. The Court will order Plaintiff to show cause in writing why this case should not be dismissed for failure to prosecute.

      Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause in writing why sanctions should not be imposed, including the dismissal of this case with prejudice, for the failure to prosecute this case;

2. Plaintiff shall file her response to this order no later than 10:00 a.m. on by December 6, 2012; and

3. Plaintiff is warned that the failure to file a timely response to this order will result in the dismissal of this case with prejudice without further notice.

IT IS SO ORDERED.

Dated:   November 26, 2012

                                                    UNITED STATES DISTRICT JUDGE