IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORTHY LOTENERO,  <br><br>        Plaintiff,  <br>vs.  <br><br>JESSE ALVIN CRIPPS, SR.,  <br><br>        Defendant. | 1: 11-cv-00200-AWI-BAM  <br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

## I.   INTRODUCTION

On January 7, 2013, Plaintiff Dorthy Lotenero ("Plaintiff") filed the present motion for default judgment against Defendant Jesse Alvin Cripps, Sr. ("Defendant") (Doc. 45.) The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for February 15, 2013. (Doc. 45.) For the reasons that follow, the Court DENIES Plaintiff's motion without prejudice.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On April 14, 2011, Plaintiff filed a Second Amended Complaint ("SAC") against Defendant, Everett Financial, Inc., dba Supreme Lending ("Everett") and Great American Insurance Co. ("Great

1

American").¹ (Doc. 16.) Plaintiff alleges, *inter alia,* that Defendant fraudulently induced Plaintiff to execute an unfavorable mortgage refinancing plan and unlawfully converted the resulting proceeds.² (Pl.'s SAC, ¶¶ 8-10, Doc. 16.) Defendant has not filed an answer to Plaintiff's SAC or otherwise made an appearance in this action.

On November 22, 2011, Plaintiff requested an entry of default against Defendant, which was entered by the Clerk that same day. (Doc. 30, 33.) On February 2, 2012, Plaintiff moved this Court for an entry of default judgment against Defendant. (Doc. 38.) On February 16, 2012, the Court denied Plaintiff's motion for default judgment without prejudice. (Doc. 40.) In denying Plaintiff's motion for default judgment, the Court noted the following deficiencies:

> Plaintiff has failed to demonstrate she is entitled to the damages requested in her Motion. The substance of Plaintiff's Motion is less than one page, does not contain a request for any relief, nor does it articulate any facts supporting Plaintiff's damage request. Moreover, Plaintiff's Motion does not present any legal arguments, factual declarations or exhibits to support her claim for damages. While Plaintiff's SAC presents facts and exhibits which support Plaintiff's claim for special damages in the amount of $54,648.00 (the unlawful conversion of $48,278.00 in addition to the $6,370.00 in fees paid to Everett), Plaintiff's SAC and the exhibits attached thereto do not present any factual or legal basis for claiming general, punitive or treble damages.
>
> Lodged concurrently with Plaintiff's Motion is the declaration of Plaintiff's counsel, Philip C. Bourdette (the "Bourdette Declaration"). The Bourdette Declaration is also less than one page and does not articulate any facts supporting Plaintiff's damage request. Similarly, Plaintiff's counsel's fee request does not specify the activities undertaken to litigate this case. Rather, Plaintiff's counsel states he expended 60 hours litigating this case at a rate of $400.00 per hour. Additionally, Plaintiff's claimed costs are not itemized.

(Doc. 40, 4: 8-21.)

On January 7, 2013, Plaintiff filed a Second Motion for Entry of Default Judgment ("Plaintiff's Motion"). (Doc. 45.) Plaintiff's Motion requests the Court enter judgment against Defendant for general, special, punitive and treble damages, attorneys fees and costs of suit in the about of $2,475,370.09. (Doc. 45.)

---

¹ On November 10, 2011, the claims against Everett and Great American were dismissed. (Doc. 29.)

² Plaintiff's alleges Defendant converted $48,278.00 which was received after the refinancing. (Pl.'s SAC, ¶18, Doc. 16.) Plaintiff claims additional damages in the form of fees paid to Everett in the amount of $6,370.00, as well as monthly mortgage payments which otherwise would not have been due under the terms of Plaintiff's previous reverse mortgage. (Pl.'s SAC, ¶18, Doc. 16.)

2

Filed concurrently with Plaintiff's Motion is the declaration of Philip C. Bourdette, counsel for Plaintiff. (Doc. 45, Attach. 1.) The Bourdette Declaration attempts to articulate the factual background of Plaintiff's claims, and itemizes Plaintiff's request for damages as follows:

- Special damages in the amount of $54,648.00;
- General damages in the amount of $218,592.00;
- Treble damages (as allowed under California Civil Code § 3345) in the amount of $819,720.00;
- Punitive damages (as allowed under California Civil Code § 3294) in the amount of $1,366,200.00;
- Attorneys fees in the amount of $16,210.00;
- Total judgment in the amount of $2,475,370.09

(Pl.'s Mot., Doc. 45, Attach. 1, 4-5.)

### III.   DISCUSSION

**A.   Legal Standard**

Whether to grant or deny default judgment is within the discretion of the court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, the court considers the following factors: (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Regarding the last factor, a decisions on the merits is impractical, if not impossible, where defendants refuse to defend.

Where a defendant has failed to respond to the complaint, the court presumes that all well-pleaded factual allegations relating to liability are true. *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Therefore, when determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact. *See Panning v. Lavine*, 572 F.2d 1386 (9th Cir. 1978).

3

While factual allegations concerning liability are deemed admitted upon a defendant's default, the court does not presume that any factual allegations relating to the amount of damages suffered are true. *See Geddes*, 559 F.2d at 560; *TeleVideo Sys., Inc.,* 826 F.2d at 917-18.  The court must ensure that the amount of damages awarded is reasonable and demonstrated by the evidence.  Fed. R. Civ. P. 55(b)(2)(C)*; Geddes*, 559 F.2d at 560*; TeleVideo Sys., Inc.,* 826 F.2d at 917-18.

**B.     Plaintiff Has Failed To Demonstrate the Requested Damages Are Supported By the Evidence**

Plaintiff is required to prove all damages sought in the complaint.  Additionally, "[a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint]." Fed. R. Civ. P. 54(c); *Philip Morris USA Inc. v. Banh*, No. 03-cv-4043 GAF (PJWx), 2005 WL 5758392, at *3 (C.D. Cal.  Jan. 14, 2005).  In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2); *See Philip Morris USA*, 219 F.R.D. at 498.  Default judgment should not be granted when a moving party has failed to adequately establish the basis for the requested relief.  *See Adams v. U.S.,* 2008 WL 3244149 (E.D. Cal. 2008) (Denying a motion for default judgment where the plaintiffs had failed to establish an adequate measure of damages by way of default).  Furthermore, punitive damages can not be awarded absent an evidentiary showing.  *See Dolphin v. Ruiz,* 2008 WL 4552940 (C.D. Cal. 2008) ("As a general proposition, punitive damages cannot be awarded simply on the basis of the pleadings, but must instead be established at an evidentiary hearing held pursuant to Fed. R. Civ. P. 55(b)(2) because they clearly are not liquidated or computable.") (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142 (3rd Cir. 1990).

Plaintiff has not addressed the Court's concerns identified in the first denial of Plaintiff's motion for default judgment, and Plaintiff has failed to demonstrate she is entitled to the damages requested in her Motion.  For the second time, the substance of Plaintiff's Motion is approximately one page and does not present any legal arguments supporting default judgment.  Plaintiff is admonished that, should she file a third motion for default judgment, she will present legal arguments in support of default of default judgment.

4

Plaintiff's Motion does not present any facts or cite to any evidence supporting Plaintiff's damage request.  As the Court has previously explained, Plaintiff is required to prove all the damages sought in the complaint.  This burden can be met by offering factual declarations by the plaintiff or other offerings of evidence.  However, Plaintiff's one-page motion, devoid of any legal or factual substance, does not accomplish this end.

Lodged concurrently with Plaintiff's Motion is the declaration of Plaintiff's counsel, Philip C. Bourdette.  The Bourdette Declaration attempts to present the factual background of Plaintiff' claims.  However, Mr. Bourdette can not testify to matters outside his personal knowledge.  A declarant must show personal knowledge and competency to testify by the facts stated. *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir.1995) (declarations on information and belief are entitled to no weight where declarant lacks personal knowledge).  The matters must be known to the declarant personally, as distinguished from matters of opinion or hearsay.  *Id.*  A declarant's mere assertions that he or she possesses personal knowledge and competency to testify are not sufficient. *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (9th Cir.1990).  A declarant must show personal knowledge and competency "affirmatively," under Rule 56(e), for example, by "the nature of the declarant's position and nature of participation in matter." *Id.*

Mr. Bourdette's position (counsel for Plaintiff) does not allow him to testify to matters outside his personal knowledge.  Indeed, Mr. Bourdette does not assert the matters testified to are known to him personally or based on information and belief.  Mr. Bourdette can not create evidence of a fact by testifying to matters outside his personal knowledge.  As such, the Court does not consider any of the "facts" presented in the Bourdette Declaration.

Regarding Plaintiff's requested damages, the Bourdette Declaration directs the Court to the relevant portions of the California Civil Code which, apparently, permits such damages.  However, Plaintiff makes no effort to explain *why* she is entitled to those damages, or what facts and evidence support such a damage request.  The only evidence submitted in support of Plaintiff's damage request is a vague referral to "Exhibits A through F," however, Plaintiff does not describe what "Exhibits A through F" are, nor does Plaintiff explain *how* these exhibits support Plaintiff's request

for special damages, or the amounts thereof.

Plaintiff has requested the Court enter default judgment in an amount exceeding two million dollars. Plaintiff, however, has twice failed to provide any legal or factual basis for default judgment. The Court will not expend its limited resources attempting to discern what legal arguments and evidence supports Plaintiff's request when Plaintiff has not done so herself. Plaintiff is admonished that any third attempt to obtain default judgment must be supported by legal arguments and clearly cite to admissible evidence in support of Plaintiff's damage requests, or Plaintiff and/or counsel will be subject to sanctions.

### IV.     CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion for Default Judgment without prejudice.

IT IS SO ORDERED.

Dated:   **February 26, 2013**                    /s/ **Barbara A. McAuliffe**
                                                 UNITED STATES MAGISTRATE JUDGE

6