IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY LOTENERO, | 1:11-cv-200-AWI-BAM |
| Plaintiff, | **ORDER DISMISSING AND DIRECTING THE CLERK OF THE COURT TO CLOSE THE CASE** |
| v. | |
| JESSEE ALVIN CRIPPS, SR., | |
| Defendant. | |

## I. Background

On January 7, 2013 Plaintiff Dorthy Lotenero ("Plaintiff") moved for default judgment against Defendant Jesse Alvin Cripps, Sr. ("Defendant") (Doc. 45.). The Honorable Magistrate Judge Barbara McAuliffe denied the motion for default judgment on February 26, 2013.

Since the denial of default judgment there has been no activity in this case by either party. This Court gave notice on September 6, 2013, of a hearing to address the lack of prosecution set for October 15, 2013. Neither party appeared at the scheduled hearing date.

## II. Discussion

Federal Rule of Civil Procedure 41(b), in relevant part, provides, "If a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Pro. 41(b). Although the language indicates that Rule 41(b) is applicable upon motion by the defendant, "courts may dismiss under Rule 41(b)

1

*sua sponte*, at least in some circumstances." Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 689 (9th Cir. 2005) (citing Olsen v. Maples, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

"District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.'" Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action with prejudice based on a party's failure to prosecute an action. See, e.g., In re Eisen, 31 F.3d 1447, 1456 (9th Cir. 1994) (dismissal for lack of prosecution); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with Local Rules). In determining whether to dismiss an action for lack of prosecution the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Bautista, 216 F.3d at 841; In re Eisen, 31 F.3d at 1451; Ferdik, 963 F.2d at 1260-61; Henderson, 779 F.2d at 1424; Thompson, 782 F.2d at 831.

In the case at hand, the public's interest is in resolving this litigation. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir.1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"). Similarly, the Court's has an interest in managing its docket, given that the Eastern District of California is one of the busiest federal jurisdictions in the United States and its District Judges carry some of the heaviest caseloads in the nation. Because Plaintiff has shown no interest in prosecuting her claims, failed to oppose dismissal, and failed to appear at the scheduled hearing, the Court's interest in managing its docket weighs in favor of dismissal. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). In addition, the risk of prejudice to the defendants weighs in favor of dismissal, since a

presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.1976).

The Court has given notice that a failure to oppose dismissal by September 23, 2013 would result in dismissal. No opposition was filed.  The Court's warning satisfies the requirement that the Court consider less drastic measures. Ferdik, 963 F.2d at 1262; Henderson, 779 F.2d 1421, 1424 (9th Cir. 1986).

### III. Order

Based on the foregoing, this case is ordered DISMISSED with prejudice. The Clerk of the Court is directed to CLOSE the case.

IT IS SO ORDERED.

Dated:   April 4, 2014   	_____
                          	SENIOR DISTRICT JUDGE